CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB -3 2015
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY L. HAMMER,<br>Petitioner, | )<br>)<br>) | Civil Action No. 7:14-cv-00313 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| EDDIE PEARSON,<br>Respondent. | )<br>)<br>) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Gregory Leon Hammer, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge the result of a prison disciplinary hearing. Respondent filed a motion to dismiss supported by affidavits, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant Respondent's motion.[1]

I.

Two officers were strip searching Petitioner on February 23, 2013, when Petitioner pulled a towel-wrapped white pill out of his sock and swallowed it, resulting in a disciplinary charge of "threaten to commit/possession of unauthorized or un-prescribed drugs (offense code 122A/198D)." That same day, Petitioner was transferred to pre-hearing detention, where he received the charging paperwork that advised Petitioner of his rights at that time.

On March 13, 2013, a hearing officer conducted a disciplinary hearing, during which an officer testified how he saw Petitioner during the strip search possess and swallow a small white pill that was hidden in a sock. The hearing officer found Petitioner guilty of the offense and imposed a penalty of twenty-five days' segregation. Although Petitioner did not lose good-time credit as a consequence of this hearing, he argues that he lost the ability to accrue good-time

---

[1] Because the motion presents matters outside the pleadings that are not excluded, the motion to dismiss is treated as one for summary judgment under Rule 56, Fed. R. Civ. P. Petitioner was given a reasonable opportunity to present all the material that is pertinent to the motion.

credit as a result of his transfer to pre-hearing detention and/or conviction. Petitioner also complains, vaguely, that due process was violated and that the evidence was insufficient to sustain the conviction.

## II.

I must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because the determinate length of Petitioner's sentence was not impacted by sentence of segregation. Thus, Petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983. Id.

Nonetheless, inmates do not have a protected liberty interest in earning a specific rate of good conduct time. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001). The effect of a classification change on the ability to earn good-time credit is too speculative to constitute a deprivation of a protected liberty interest. See Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)); see, e.g., Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). Consequently, even if Petitioner's disciplinary conviction ultimately impacted his custody status or the rate at which he earns good-time credit in the future, such changes do not implicate federal due process protections. Furthermore, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications, like segregation, do not create a

2

major disruption in a prisoner's environment. See, e.g., Sandin v. Conner, 515 U.S. 472, 486-87 (1995); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Moreover, Petitioner does not establish that his brief confinement in segregation exceeded a sentence in such an extreme way as to give rise to due process protections of the Fourteenth Amendment. See, e.g., Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Lastly, a claim that prison officials have not followed their own policies or procedures does not amount to a constitutional violation, and the disciplinary record establishes "some evidence" was presented to find Petitioner guilty of the offense.[2] See, e.g., Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, Respondent's motion for summary judgment must be granted.

### III.

For the foregoing reasons, I grant Respondent's motion for summary judgment. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 3rd day of February, 2015.

Senior United States District Judge

---

[2] Petitioner's volitional act of consuming the pill foreclosed his ability to prove his innocence by establishing it was Tylenol, as he presently alleges.

3